# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| STEPHEN MORNINGSTAR,<br>Appellant, | DOCKET NUMBER<br>SF-0752-13-1478-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY,<br>Agency. | DATE: November 21, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Peter Cresci</u>, Esquire, Bayonne, New Jersey, for the appellant.

<u>William L. Sims</u>, Fort Hunter Liggett, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal based on charges of off-duty criminal misconduct and failure to maintain a condition of employment.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        The appellant was employed as a Supervisory Police Officer at the agency's Directorate of Emergency Services in Camp Parks, California. Initial Appeal File (IAF), Tab 15 at 14. In October 2012, the agency received notification that the appellant had been convicted in April 2012, of driving under the influence (DUI) in Alameda County, California. IAF, Tab 10 at 77. The agency initiated an investigation and confirmed that the appellant was convicted of DUI and did not report the conviction to his supervisors. *Id.* The investigation also revealed that the appellant's driver's license had been suspended and that from approximately January through October 2012, he could only operate a vehicle if it was equipped with an ignition interlock device. *Id.* at 78. The investigation concluded that the appellant drove both his personal and assigned patrol vehicles while his license was suspended and that neither vehicle contained an ignition interlock device. *Id.* at 81. On October 3, 2012, the agency placed the appellant on administrative

leave and temporarily decertified him as a police officer under the agency's Individual Reliability Program (IRP). *Id.* at 83-84.

¶3    In February 2013, the agency proposed the appellant's removal based on charges of off-duty criminal misconduct, with two specifications, and failure to maintain a condition of employment. *Id.* at 70. The proposing official noted the appellant's supervisory and law enforcement status, along with his conviction and local media attention garnered by his conviction, as factors supporting his removal. *Id.* at 71. The appellant provided a written reply to the deciding official. *Id.* at 17-69. The deciding official sustained both charges and directed the appellant's removal effective July 5, 2013. *Id.* at 13.

¶4    The appellant initiated a Board appeal challenging his removal. IAF, Tab 1 at 5. The appellant also raised affirmative defenses of disability discrimination and harmful error and alleged that he was denied due process based on the deciding official's receipt of ex parte communications. *Id.* at 8; IAF, Tab 21 at 2-4. After the prehearing conference but before the hearing, the appellant withdrew his affirmative defense of disability discrimination. IAF, Tab 24 at 2.

¶5    The administrative judge conducted a hearing and issued an initial decision that sustained the agency's removal action. IAF, Tab 29, Initial Decision (ID) at 1. The administrative judge found that the agency proved both charges of off-duty criminal misconduct and failure to maintain a condition of employment and the nexus of the charged conduct to the efficiency of the service. ID at 5, 7-8. The administrative judge found that the agency did not deny the appellant due process or commit harmful error. ID at 10. She found the penalty to be within the tolerable limits of reasonableness. ID at 13-14. The appellant has filed a timely petition for review.[2] Petition for Review (PFR) File, Tab 1 at 4. The agency has not responded to the petition for review.

---

[2] The appellant filed a request for an extension to supplement his petition for review, which the Board granted through June 4, 2014. PFR File, Tab 1 at 6, Tab 3 at 1. The appellant submitted a request for a second extension postmarked June 10, 2014. PFR

## The agency proved the charge of off-duty misconduct.

¶6    The agency submitted the court records from Alameda County, California, that reflect the court's acceptance of the appellant's no-contest plea for the DUI charge on April 10, 2012.  IAF, Tab 18 at 37.  The appellant admitted in his sworn investigation statement that he was arrested for DUI in December 2011, and failed to notify his supervisor of the arrest.  *Id.* at 23.  The appellant has not denied his plea of no contest.  *See* IAF, Tab 22 at 6.  Based on the evidence, we find the agency proved the charge of off-duty misconduct.

## The agency proved the charge of failure to maintain a condition of employment.

¶7    The administrative judge found that the agency proved that the appellant failed to meet a condition of employment.  ID at 6-7.  This charge contains two elements that the agency must prove:  (1) the requirement at issue is a condition of employment, and (2) the appellant failed to meet that condition.  *Gallegos v. Department of the Air Force*, 121 M.S.P.R. 349, ¶ 6 (2014).  In addition, when the employing agency controls the withdrawal or revocation of the certification or approval, then the Board's authority generally extends to a review of the merits of that withdrawal or revocation.  *Adams v. Department of the Army*, 105 M.S.P.R. 50, ¶ 10 (2007), *aff'd*, 273 F. App'x 947 (Fed. Cir. 2008).

¶8    On October 30, 2012, the proposing official issued the appellant a notice that he was being decertified under the agency's IRP.  IAF, Tab 10 at 83-84.  Certification in the IRP is a condition of employment under agency regulations.  *Id.* at 111.  The agency's regulations provide that if an individual is decertified

File, Tab 4 (envelope).  The Board denied the second extension request because it was filed after the due date.  PFR File, Tab 5.  The original petition for review contains no argument other than a request to overturn or modify the initial decision.  PFR File, Tab 1 at 4.  Therefore, we decline to conduct a complete review of the record.  *See Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980) (before the Board will undertake a complete review of the record, the petitioning party must explain why the challenged factual determination is incorrect and identify the specific evidence in the record which demonstrates the error).

from the IRP, he cannot carry a weapon or perform any law enforcement duties. *Id.* The agency has proven that the IRP certification is a condition of employment and that the appellant failed to meet that condition when he was decertified by the proposing official.

¶9     The administrative judge found that the agency properly decertified the appellant based upon his misconduct. ID at 6. The agency based its decision to decertify the appellant on his DUI conviction and his failure to notify his supervisors of the DUI conviction and ignition interlock device requirement. IAF, Tab 10 at 83. The appellant's no-contest plea on the DUI charge is undisputed and documented in court records. IAF, Tab 18 at 37. The appellant also admitted that he failed to report the incident to his chain of command. *Id.* at 23. The appellant claimed that a former officer disclosed his conviction in an attempt to destroy his career. *Id.* However, we do not find this allegation, even if true, relevant to administrative judge's determination that the appellant engaged in the charged conduct. Based on his conviction and his failure to notify his supervisors of the conviction and ignition interlock requirement, we believe the agency proved the merits of its certification withdrawal. Therefore, the agency proved the second charge of failure to maintain a condition of employment.

<u>The agency did not violate the appellant's due process rights or engage in harmful error.</u>

¶10    The appellant alleged that the agency denied him due process by not providing all the supporting documentation for his decertification from the IRP and by not providing a copy of a news video about his DUI conviction. ID at 10. The agency, as stated in the proposal notice, considered the news story as an aggravating factor. ID at 10. The administrative judge, based on the proposing official's hearing testimony, found that the agency provided the appellant with all the supporting documentation for the IRP decertification. ID at 10. She also found that the agency was under no obligation to provide a copy of the video to the appellant, and the agency met its due process requirements by including

notice that it was considering the news story in the notice of proposed removal. ID at 10. She also found the appellant failed to prove harmful error. ID at 10.

¶11 When an agency intends to rely on aggravating factors as the basis for the imposition of a penalty, such factors should be included in the advance notice of adverse action so that the employee will have a fair opportunity to respond to those factors before the deciding official. *Lopes v. Department of the Navy*, 116 M.S.P.R. 470, ¶ 5 (2011). Our reviewing court has explained that, if an employee has not been given notice of any of the aggravating factors supporting an enhanced penalty, an ex parte communication with the deciding official regarding such factors may constitute a constitutional due process violation because it potentially deprives the employee of notice of all the evidence being used against him and the opportunity to respond to it. *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1280 (Fed. Cir. 2011). The Board will consider the following factors, among others, to determine if ex parte contact is constitutionally impermissible, whether: (1) the ex parte communication merely introduces "cumulative" information or new information; (2) the employee knew of the information and had a chance to respond to it; and (3) the ex parte communications were of the type likely to result in undue pressure upon the deciding official to rule in a particular manner. *Bennett v. Department of Justice*, 119 M.S.P.R. 685, ¶ 8 (2013).

¶12 In the present appeal, the agency clearly specified in its notice of proposed removal that it was considering the story aired by local media regarding the appellant's arrest and conviction as part of the penalty selection process because it damaged the reputation of the police department and the agency. IAF, Tab 10 at 71. Therefore, the appellant was on notice that the agency was considering the news story as an aggravating factor. He even addressed the news story in his written response to the deciding official. *Id*. at 21. Because the appellant was aware of the aggravating factor in the notice of proposed removal, the deciding official's consideration of the notoriety caused by the story as an aggravating

factor was not new to him, and the fact the agency did not provide him a copy of the video did not deny him his due process rights.

¶13     Even though the appellant's due process rights were not violated, the Board must also review the agency's action for harmful error. *See Ward*, 634 F.3d at 1282-83. Harmful error is a procedural error by the agency that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *See* 5 C.F.R. § 1201.56(c)(3); *see also Salter v. Department of the Treasury*, 92 M.S.P.R. 355, ¶ 7 (2002). To show harmful error, an appellant must prove that any procedural error substantially prejudiced his rights by possibly affecting the agency's decision. *Salter*, 92 M.S.P.R. 355, ¶ 7. Under Office of Personnel Management regulations, an agency is required to provide an employee the opportunity to review any materials on which it relied in support of the charges. 5 C.F.R. § 752.404(b)(1). Failure to comply with this regulation is procedural error and, if harmful to the appellant, would provide a basis for reversal of the action. *McNab v. Department of the Army*, 121 M.S.P.R. 661, ¶ 16 (2014). The appellant has submitted no evidence that he ever requested to see a copy of the news video about him. In addition, the appellant has not shown that, even if the agency had provided him with a copy that it would have reached a different outcome. Therefore, we find the appellant failed to prove his affirmative defense of harmful error.

¶14     We also conclude that the administrative judge properly found that the agency's action promoted the efficiency of the service. ID at 7-8. An agency may show a nexus between off-duty misconduct and the efficiency of the service by demonstrating, among other things, that the misconduct adversely affects the appellant's or coworker's job performance or the agency's trust and confidence in the employee's job performance. *Scott v. Department of Justice*, 69 M.S.P.R. 211, 243 (1995), *aff'd*, 99 F.3d 1160 (1996) (Table). Here, as a result of the appellant's misconduct, the agency lost confidence in his ability to perform his duties as chief of police. IAF, Tab 10 at 14. The agency also indicated that his

misconduct might influence subordinate police officers to lose confidence in the appellant, whose role was to mentor and set a proper example for other officers reporting to him. *Id.*

The penalty of removal is within the range of reasonableness based on the deciding official's proper review of the *Douglas* factors.

¶15     Where, as here, all of the agency's charges have been sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within tolerable limits of reasonableness. *See Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981). The Board's function in this regard is not to displace management's responsibility but to assure that managerial judgment has been properly exercised. *Id.* at 302. In evaluating a penalty, the Board will consider, first and foremost, the nature and seriousness of the misconduct and its relationship to the employee's duties, position, and responsibilities. *Gaines v. Department of the Air Force*, 94 M.S.P.R. 527, ¶ 9 (2003). An agency may hold a supervisor to a higher standard of conduct than other employees. *Cisneros v. Department of Defense*, 83 M.S.P.R. 390, ¶ 19 (1999), *aff'd*, 243 F.3d 562 (Fed. Cir. 2000) (Table). In addition, law enforcement officers are held to a higher standard of honesty and integrity. *Prather v. Department of Justice*, 117 M.S.P.R. 137, ¶ 36 (2011). The Board has also found removal to be an appropriate penalty for an appellant's failure to meet the requirements of his position. *Benally v. Department of the Interior*, 71 M.S.P.R. 537, 539-40, 542 (1996). The appellant's past work record and 24 years of federal service were considered as mitigating factors but are outweighed by the seriousness of the misconduct. ID at 11-14; IAF, Tab 10 at 13-15. We agree with the administrative judge that removal was within the tolerable limits of reasonableness, particularly in light of his supervisory and law enforcement status.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.